UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

HEATHER NELSON,

    Plaintiff,

v.

PURPLE LOTUS SOUTH BEACH, LLC, SCIANNO
INTERNATIONAL CORP, and JAMES SCIANNO,
Individually,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA:

PLEASE TAKE NOTICE that Defendants, Purple Lotus South Beach, LLC, Scianno International Corp, and James Scianno, individually, ("Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, hereby remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, on the following grounds:

1. On or about January 8, 2018, Plaintiff, Heather Nelson ("Nelson"), filed her Complaint in the Circuit Court of 11th Judicial Circuit, in and for Miami-Dade County, Florida, Civil Action No. 2018-000571-CA-01 ("State Action"). Defendants have attached copies of all pleadings, process, and orders from the State Action at Exhibit A.

*Nelson v. Purple Lotus South Beach, et. al*
Case No. _____
Notice of Removal

2. Defendants received the summons and the Complaint through service of process on March 6, 2018. This Notice of Removal has been filed less than thirty (30) days after Defendants were served.

3. In her Complaint, Nelson alleges that Purple Lotus South Beach, LLC and Scianno International Corp, were her former employers and did not pay her overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"). In fact, Nelson has specifically alleged that her action is brought "pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*" (Compl. ¶ 1.) Defendants remove the State Action to this Court on the basis of the Court's federal question jurisdiction because Nelson's civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nelson has attempted to state only one claim and, accordingly, there are no claims raised in the complaint that may not be removed to this Court.

4. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has original jurisdiction over the State Action by reason of federal question. This action is being removed, therefore, under 28 U.S.C. § 1446(a) which states:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

5. For purpose of 28 U.S.C. § 1331 jurisdiction, "all that is required is that there be an arguable claim arising under federal law." *Bellsouth Telecomm., Inc. v. MCImetro Access*

*Nelson v. Purple Lotus South Beach, et. al*
Case No. _____
Notice of Removal

*Transmission Servs., Inc.*, 317 F.3d 1270, 1278 (11th Cir. 2003).  Here, Nelson's one-count complaint raises a purported claim arising solely under federal law, the FLSA, and, accordingly, this Court has original jurisdiction over Nelson's claim.

6. Pursuant to 28 U.S.C. § 1446(d), Defendants will notify Nelson in writing of this filing.  Defendants will also file a copy of this Notice with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

7. By filing this Notice of Removal, Defendants do not admit any of the allegations in Plaintiff's Complaint, or waive any of their defenses.  Defendants expressly reserve any objections as to service and personal jurisdiction.

WHEREFORE, Defendants respectfully request removal of this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

                                              FORD & HARRISON, LLP

                                              By: _____
                                              David M. Gobeo, Esq.
                                              Florida Bar No. 0016565
                                              Direct: (561) 345-7512
                                              E-mail: dgobeo@fordharrison.com
                                              1450 Centrepark Blvd., Suite 325
                                              West Palm Beach, FL  33401
                                              Facsimile: (561) 345-7501

                                              *Attorney for Defendants*

*Nelson v. Purple Lotus South Beach, et. al*
Case No. _____
Notice of Removal

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served a copy by e-mail to: J. Freddy Perera, Esq. and Valerie B. Barnhart, Esq., Perera Barnhart, 12555 Orange Drive, Suite 268, Davie, Florida 33330.

_____
David M. Gobeo, Esq.
Florida Bar No.: 0016565