# Exhibit A

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2018-000571-CA-01 |
|---|---|---|
| PLAINTIFF(S)<br><br>HEATHER NELSON | VS. DEFENDANT(S)<br><br>PURPLE LOTUS SOUTH BEACH, LLC,<br>SCIANNO INTERNATIONAL CORP,<br>and<br>JAMES SCIANNO, individually, | SERVICE |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): PURPLE LOTUS SOUTH BEACH, LLC,

c/o SCIANNO INTERNATIONAL CORP,

312 SOUTH DIXIE HWY. WEST PALM BEACH, FL 33401

SERVED DATE 3-6-18 TIME 8:40 pm
WAYNE Z. POLLICK
C.P.S. # 856 P.B.C.

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: J. Freddy Perera, Esq.

whose address is: PereraBarnhart
12555 Orange Drive, Second Floor
Davie, FL 33330

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: MICHELLE GONZALEZ<br>DEPUTY CLERK | MAR 0 6 2018<br>DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 01/11                                                  Clerk's web address: www.miami-dadeclerk.com

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

**DIVISION**
☒ CIVIL
☐ DISTRICTS
☐ OTHER

**CIVIL ACTION SUMMONS**
(b) Form for Personal Service on a Natural Person

**CASE NUMBER**
2018-000571-CA-01

**CLOCK IN**

**PLAINTIFF(S)**
HEATHER NELSON

VS. **DEFENDANT(S)**
PURPLE LOTUS SOUTH BEACH, LLC,
SCIANNO INTERNATIONAL CORP,
and
JAMES SCIANNO, individually,

THE STATE OF FLORIDA:TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

To Defendant(s): JAMES SCIANNO
Address: 255 Evernia St., MU-4, W PALM BEACH, FL 33401

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience.

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

**MIAMI-DADE COUNTY COURT LOCATIONS**

☒ Dade County Courthouse (05)
Room 133
73 West Flagler Street
Miami, Florida 33130

☐ Martin Luther King Office (20)
2525 N.W. 62nd Street
Room 1200 A
Miami, Florida 33147

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Miami Beach District Court (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ South Dade Justice Center (26)
Room 1200
10710 SW 211 Street
Miami, Florida 33189

☐ Hialeah District Court (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

**SERVICE**
SERVED
DATE 3-6-18  TIME 8:40pm
WAYNE Z. POLLICK
C.P.S. # 856  P.B.C.

Plaintiff/Plaintiff Attorney: J. Freddy Perera, Esq.
Florida Bar No. 93526
Address: 12555 Orange Drive, Second Floor, Davie, FL 33028

HARVEY RUVIN
CLERK OF COURTS
BY: MICHELLE GONZALEZ
DEPUTY CLERK

DATE ON: MAR 0 6 2018

## AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 070 Rev. 04/15

Clerk's web address: www.miami-dadeclerk.com

COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| | SUMMONS 20 DAY CORPORATE SERVICE (a) GENERAL FORMS | CASE NUMBER 2018-000571-CA-01 |
|---|---|---|
| ☐ FACTS OTHER | | SERVICE |
| PLAINTIFF(S) HEATHER NELSON | VS. DEFENDANT(S) PURPLE LOTUS SOUTH BEACH, LLC, SCIANNO INTERNATIONAL CORP, and JAMES SCIANNO, individually, | |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): SCIANNO INTERNATIONAL CORP

c/o JAMES D. SCIANNO

255 Evernia St., MU-4, W PALM BEACH, FL 33401

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: J. Freddy Perera, Esq.

whose address is: PereraBarnhart
12555 Orange Drive, Second Floor
Davie, FL 33330

SERVED
DATE 3-6-18  TIME 8:40p
WAYNE Z. POLLICK
C.P.S. # 856 P.B.C.

CLOCK IN

within 20 days * Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days." after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK OF COURTS | BY: MICHELLE GONZALEZ DEPUTY CLERK | MAR 0 6 2018 DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 01/11

Clerk's web address: www.miami-dadeclerk.com

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

HEATHER NELSON,

    Plaintiff,

vs.

PURPLE LOTUS SOUTH BEACH, LLC,
SCIANNO INTERNATIONAL CORP, and
JAMES SCIANNO, individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff Heather Nelson ("Plaintiff") hereby sues Purple Lotus South Beach, LLC ("PLSB"), Scianno Internatioanl Corp ("SIC") and James Scianno ("Scianno") (jointly "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages within this court's jurisdictional requirements, a reasonable attorneys' fee and costs, and all other remedies allowable by law.

### PARTIES, JURISDICTION AND VENUE

3. PLSB is and was a Florida corporation conducting business in Miami-Dade County, Florida during the relevant period.

54. Plaintiff also worked at the West Palm Beach location.

55. When Plaintiff arrived at the West Palm Beach location, she was responsible for opening and preparing the entire location before it was opened to the public.

56. Similarly, Plaintiff was responsible for closing, cleaning, ordering, and arranging the entire West Palm Beach location on all of her shifts.

57. Plaintiff was not given any breaks during her shifts.

58. Plaintiff easily worked over 40 hours a week for the Defendants on a regular basis.

59. Plaintiff, however, was not compensated for overtime wages in accordance with the Fair Labor Standards Act (FLSA).

60. Defendants willfully and intentionally refused to pay Plaintiff in accordance with the FLSA.

61. Defendants failed to keep accurate time records for all hours worked by Plaintiff.

## COUNT I

### OVERTIME VIOLATION BY PLSB UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

62. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 61 above as if fully set forth herein.

63. As part of its business, PLSB purchased goods and materials that traveled through interstate commerce.

64. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

65. Upon information and belief, PLSB obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state

lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

66. PLSB, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

67. PLSB is an employer engaged in interstate commerce and subject to the FLSA.

68. During Plaintiff's employment with PLSB, Plaintiff worked overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

69. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

70. In addition, PLSB is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against PLSB under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II

## OVERTIME VIOLATION BY SIC UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

71. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 61 above as if fully set forth herein.

72. As part of its business, SIC purchased goods and materials that traveled through interstate commerce.

73. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

74. Upon information and belief, SIC obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

75. SIC, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

76. SIC is an employer engaged in interstate commerce and subject to the FLSA.

77. During Plaintiff's employment with SIC, Plaintiff worked overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

78. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

79. In addition, SIC is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three year statute of limitations afforded by the FLSA.

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against SIC under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT III

### OVERTIME VIOLATIONS AGAINST SCIANNO UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

80. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 61 above as if fully set forth herein.

81. During the relevant period, Scianno was an owner, corporate officer, and operator of PLSB and SIC (the "Corporate Defendants").

82. During some of the relevant period, Scianno operated the day-to-day activities of the Corporate Defendants, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

83. Scianno was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

84. During Plaintiff's employment with Defendants, Plaintiff worked overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half Plaintiff's regularly rate of pay as required by the FLSA.

85. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

86. Scianno is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Scianno under the FLSA;
b. Award Plaintiff actual damages for the unpaid wages;
c. Award Plaintiff liquidated damages;
d. Award Plaintiff his attorneys' fees and costs;
e. Award Plaintiff all recoverable interest; and
f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: January 8, 2018

Respectfully submitted,

By: /s/ J. Freddy Perera
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pereralaw.com
**PERERA BARNHART**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Telephone: 786-485-5232

*Counsel for Plaintiff*

Filing # 66256878 E-Filed 01/08/2018 04:53:47 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: _____
Judge: _____

Heather Nelson
 Plaintiff
    vs.
Purple Lotus South Beach, LLC, Scianno International Corp
Defendant

### II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III. REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

**IV. NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

3

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Jorge Freddy Perera     FL Bar No.: 93625
        Attorney or party                                                         (Bar number, if attorney)

Jorge Freddy Perera    01/08/2018
    (Type or print name)                                                          Date