UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21136-CIV-UNGARO

HEATHER NELSON,

      Plaintiff,

v.

PURPLE LOTUS SOUTH BEACH, LLC, SCIANNO
INTERNATIONAL CORP., JAMES SCIANNO,
individually, and KRISTIE MCDONALD, individually,

      Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS
COUNTS V, VI, VII, AND VIII OF
PLAINTIFF'S AMENDED COMPLAINT
<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

PURPLE LOTUS SOUTH BEACH, LLC ("Purple Lotus"), SCIANNO INTERNATIONAL CORP. ("Scianno Corp."), JAMES SCIANNO ("Scianno"), and Kristie McDonald ("McDonald"), collectively ("Defendants") by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) hereby file this Motion to Dismiss Counts V, VI, VII, and VIII of Plaintiff's Amended Complaint, and state as follows:

<u>**INTRODUCTION**</u>

Purple Lotus and Scianno Corp. employed Plaintiff as a bartender from approximately January 21, 2015, until she was terminated on or around December 4, 2017. Plaintiff filed for unemployment benefits, which Defendants contested on or about December 29, 2017, with the Florida Department of Economic Opportunity Reemployment Assistance Program ("DEO"). Plaintiff's termination and Defendants' challenge to Plaintiff's entitlement to unemployment

benefits were based on information indicating that Plaintiff was stealing money by accepting payment for drinks from customers with the electronic payment application Venmo.

Plaintiff filed her initial FLSA complaint on January 8, 2018, which she did not serve on Defendants (or otherwise notify Defendants about) until March 1, 2018.  On May 1, 2018, Plaintiff filed the subject Amended Complaint, alleging overtime and retaliation violations of the Fair Labor Standards Act, 29 U.S.C §§201 *et seq*. ("FLSA").  Newly added Counts V-VIII of the Amended Complaint purport to allege claims of Retaliation under the FLSA against each Defendant. Plaintiff alleges that the contents of Defendants' participation in the unemployment proceeding were false, and that Defendants questioned customers about Plaintiff's theft in retaliation for her filing this lawsuit.

However, the claims made by Plaintiff, even if true (which they are not), do not form a legally sufficient basis on which to base a claim for retaliation.  The alleged participation by Defendants in the unemployment process and questioning of customers during a theft investigation do not constitute recognized non-employment retaliation and, thus, are not conduct that would dissuade a reasonable worker from making a claim as a matter of law.  Moreover, Plaintiff does not (and cannot) claim that Defendants began participating in the unemployment proceeding after the filing of her FLSA lawsuit.  Therefore, Defendants mere continued participation in this administrative proceeding should be protected by the same reasoning supporting Florida's litigation privilege.  Accordingly, Counts V - VIII of Plaintiff's Amended Complaint should be dismissed.

## MEMORANDUM OF LAW

### I.  Plaintiff's Retaliation Claim Should Be Dismissed Because She Does Not Plausibly State Facts Which Would Entitle Her to Relief

Rule 12(b)(6) authorizes a motion to dismiss for failure to state a claim upon which relief

*Nelson v. Purple Lotus et. al*
Case No. 1:18-cv-21136-UU
Defendants' Motion to Dismiss

can be granted.  A plaintiff must go beyond the "conclusory" and must offer "some further factual enhancement" in order to "enter the realm of plausible liability."  *."  Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557, n. 5 (2007).  Consequently, Plaintiff must allege facts, if true, that plausibly entitle her to relief as a matter of law.  Plaintiff's Amended Complaint fails to do so, as discussed in detail below.

A.      **Plaintiff's Claim Should Be Dismissed Because She Does Not Allege Facts Sufficient to Establish Action That Would Dissuade a Reasonable Worker From Filing a Similar Claim.**

The FLSA makes it unlawful for employers to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding . . . ." 29 U.S.C. § 215(a)(3).

To establish a prima facie case of retaliation under the Fair Labor Standards Act, a plaintiff must demonstrate the following: (1) the plaintiff engaged in activity protected under the FLSA; (2) the plaintiff subsequently suffered adverse employment action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000). Many courts have extended the term "employment action" to apply to former employers for post-employment conduct. *See Li v. Oliver King Enters.,* No. 14-CV-9293 (VEC), 2015 U.S. Dist. LEXIS 102597, at *14 (S.D.N.Y. Aug. 4, 2015) (granting defendant's motion to dismiss FLSA retaliation claim). However, "not all conduct by an employer negatively affecting an employee constitutes adverse employment action." *Davis v. Town of Lake Park*, 245 F.3d 1232, 1238 (11th Cir. 2001).

For purposes of satisfying the second element of a prima facie case, the adverse action must be a materially adverse employment action. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548

*Nelson v. Purple Lotus et. al*
Case No. 1:18-cv-21136-UU
Defendants' Motion to Dismiss

U.S. 53 (2006). The Supreme Court has instructed that a "materially adverse" employment action is a harmful action by an employer that "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id. at* 57. The *Burlington* Court's requirement for "material adversity" separates significant from trivial harms because the FLSA does not immunize employees from "petty slights or minor annoyances." *Id*. at 68. In addition, a court does not apply the *McDonnell Douglas* burden-shifting test at the pleading stage, "but rather generally assesses the plausibility of Plaintiff's claim based on the facts alleged in the Complaint." *Oliver King*, 2015 U.S. Dist. LEXIS 102597 at *7.

In *Oliver King*, the plaintiff alleged that the defendant engaged in post-employment harassment by repeatedly calling, texting, and visiting the plaintiff. *See id*. at *11-12. The court noted that the only FLSA retaliation claims recognized include employment-related harm, or a threatened legal claim such as a groundless counterclaim or report to the Immigration and Naturalization Services. *See id*. The court could not find any type of "harassment" case, whether FLSA or Title VII, predicated on similar facts, and noted that anti-retaliation laws are not a civility code. *See id*. at *12; *see also Santos v. E T & K Foods, Inc.,* 2017 U.S. Dist. LEXIS 100495, at *20 (E.D.N.Y. June 27, 2017), *adopted by*, 2018 U.S. Dist. LEXIS 43010 (E.D.N.Y. Mar. 13, 2018) (denying leave to amend complaint to add FLSA retaliation claims premised on post-employment calls, texts, visits, and the contacting of co-workers to discourage plaintiff from proceeding with FLSA lawsuit), <u>Smith v. Haynes & Haynes, P.C.</u>, No. 2:14-cv-01334-RDP, 2017 U.S. Dist. LEXIS 133951 (N.D. Ala. Aug. 22, 2017) (granting defendant's summary judgment on FLSA retaliation claim where plaintiff failed to establish threshold level of substantiality, noting that "courts are not in the position to police 'everything that makes [a current or former] employee unhappy'").

*Nelson v. Purple Lotus et. al*
Case No. 1:18-cv-21136-UU
Defendants' Motion to Dismiss

In the instant case, Plaintiff alleges that after service of the Complaint, Defendants filed a "belated" letter[1] with the DEO seeking to challenge Plaintiff's rights to unemployment benefits, baselessly accusing Plaintiff of theft, and that Defendants solicited customers for information of Plaintiff's theft and offered free drinks to any customer who would provide information of Plaintiff's use of Venmo to accept payment for drinks while working for Defendants. *See* Plaintiff's Amended Compliant, (ECF No. 11, ¶¶ 72-83).[2] Plaintiff also alleges that Defendants notified customers of this lawsuit (a public record). *See id*. at ¶ 84).[3]

Plaintiff's allegations taken as true establish only that Defendants continued to engage in the discovery process of proving whether or not they were obligated to pay Plaintiff's unemployment benefits, and the extent of Plaintiff's theft. Plaintiff does not allege that Defendants initiated the DEO process as a result of her FLSA lawsuit, but instead claims that Defendants' later participation in that process resulted in comments which Plaintiff does not believe to be true. These allegations, on their face, make clear that Defendants are engaging in an investigation to support their opposition to Plaintiff's entitlement to unemployment. *See* Plaintiff's Amended Compliant, (ECF No. 11, ¶ 80). Plaintiff does not claim that Defendants only learned of her theft after her termination, or that no investigation took place prior to her termination, only that Defendants have continued their investigation after her termination. Defendants could find no Eleventh Circuit case in which a business' participation in the unemployment process resulted in an actionable claim for FLSA retaliation.

---

[1] Defendants contested Plaintiff's unemployment compensation on December 29, 2017, prior to Plaintiff filing the current lawsuit. The letter Plaintiff disingenuously refers to as "belated" was Defendants' continued engagement in the DEO process.

[2] Plaintiff fails to ascribe a time-frame for the alleged questioning of customers, thus failing to plausibly allege that the actions occurred after service of this lawsuit.

[3] Plaintiff also alleges Defendants have barred a customer from returning to its establishment, which could not constitute a harm against Plaintiff, who no longer works for Defendants. *See* Plaintiff's Amended Compliant, (ECF No. 11, ¶ 87).

*Nelson v. Purple Lotus et. al*
Case No. 1:18-cv-21136-UU
Defendants' Motion to Dismiss

In addition, much like the *Oliver King* and *Santos* cases above, Defendants' questioning of customers as alleged by Plaintiff does not rise to the level of actionable retaliation.  Defendants' alleged actions would not "dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006).[4]

**B.      Defendants' Participation in the DEO Process Should Be Protected by Florida's Litigation Privilege.**

Florida recognizes a "litigation privilege" which affords absolute immunity for acts occurring during the course of judicial proceedings.  *See Kentish v. Madahcom, Inc.*, 566 F. Supp. 2d 1343, 1348 (M.D. Fla. 2008) (denying motion for leave to amend complaint to add FLSA retaliation claim in response to defendant's counterclaim for breach of contract).  This privilege applies to any potentially defamatory statement or tortious behavior that has some relation to a proceeding to allow participants to use their best judgment in prosecuting or defending a lawsuit without having to defend their actions in a subsequent civil action for misconduct.  *See id.*; *see also Phillips v. M.I. Quality Lawn Maintenance, Inc.*, 2011 U.S. Dist. LEXIS 161283, Case No. 10-20698-CIV-SEITZ/O'SULLIVAN (S.D. Fla. Mar. 30, 2011) (granting defendant summary judgment on plaintiff's FLSA retaliation claim based on litigation privilege where defendant filed a state court action against the plaintiff for return of materials taken from the company's premises), *aff'd* 537 Fed. Appx. 908 (11th Cir. Oct. 18, 2013).[5]

The court in *Kentish v. Madahcom, Inc.*, 566 F. Supp. 2d 1343, 1349 (M.D. Fla. 2008) reasoned that permitting a plaintiff to maintain a cause of action for FLSA retaliation based on a counterclaim would restrict the defendant's access to the courts.  The court in *Kentish* also noted

---

[4] This is demonstrably true because Plaintiff, in fact, filed the instant FLSA lawsuit after Defendants challenged Plaintiff's initial award of unemployment.

[5] While the Eleventh Circuit affirmed the reasoning in *Phillips*, not all courts have followed this decision. *See, i.e., Phillips v. Mitchell's Lawn Maintenance Corp.*, 2015 U.S. Dist. LEXIS 192531 (Nov. 17, 2015).

*Nelson v. Purple Lotus et. al*
Case No. 1:18-cv-21136-UU
Defendants' Motion to Dismiss

that such a retaliation claim would create a "race to the courthouse" where an employer would be chilled from filing a legitimate counterclaim where a plaintiff has first filed an FLSA action. *See id*. at n.4. The *Kentish* court reasoned that bad faith litigation could be adequately handled through litigation sanctions. *See id*. at 1349.

By way of analogy, Defendants here argue that their participation in Florida's administrative DEO process should have similar protection under Florida's litigation privilege. Because Defendants contested Plaintiff's unemployment benefits prior to her filing of the current FLSA lawsuit, and Plaintiff's allegations of retaliation merely allude to the participation in the discovery process necessary for Defendants to defend their opposition to Plaintiff's unemployment award (and now conceivably Plaintiff's retaliation claim), Plaintiff's claims of retaliation should not be permitted to stand. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1275 (11th Cir. 2004) (barring Plaintiff's state-law claims adjudicated in federal court on the basis of the Florida Litigation Privilege because the plaintiff's complaint concerned conduct that lay at the heart of the attempts to resolve the ongoing judicial pleadings); *see also Phillips*, 2011 U.S. Dist. LEXIS 161283 at n.8 (noting that the alleged conduct of plaintiff – the taking of defendant's company documents – were not actions protected by any statute).

## II.     Conclusion

Based on the relevant statute and applicable case law, Counts V, VI, VII and VIII of Plaintiff's Amended Complaint do not state a viable claim for Retaliation under the FLSA. As explained in this Motion, Defendants respectfully request that this Honorable Court dismiss Counts V, VI, VII and VIII of Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6), as well as any other relief this Court deems appropriate.

*Nelson v. Purple Lotus et. al*
Case No. 1:18-cv-21136-UU
Defendants' Motion to Dismiss

Dated this 15th day of May, 2018.          Respectfully submitted,


                                          By:/s/*David M. Gobeo*
                                             David M. Gobeo
                                             Florida Bar No. 0016565
                                             Michelle R. Jacobs
                                             Florida Bar No. 1003656
                                             FORD & HARRISON LLP
                                             1450 Centrepark Blvd., Ste 325
                                             West Palm Beach, FL 33401
                                             (561) 345-7500  Telephone
                                             (561) 345-7501  Facsimile
                                             E-mail:  dgobeo@fordharrison.com
                                             E-mail:  mjacobs@fordharrison.com
                                             Attorneys for Defendants'


## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on May 15th, 2018 that the foregoing document is being served

this day on upon the following:

*Attorney for Plaintiff*

J. Freddy Perera, Esq.
Florida Bar No. 93625
Valerie B. Barnhart, Esq.
Florida Bar No. 88549
Perera Barnhart
12555 Orange Drive, Suite 268
Davie, Florida 33330
(561) 653-0008 Telephone
(561) 653-0020 Facsimile
Email: freddy@pererabarnhart.com
Email: valerie@pererabarnhart.com


                                          /s/*David M. Gobeo*
                                          David M. Gobeo