UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-21136-CIV-O'SULLIVAN
[CONSENT]

HEATHER NELSON,
    Plaintiff,
vs.

PURPLE LOTUS SOUTH BEACH,
LLC, SCIANNO INTERNATIONAL
CORP, JAMES SCIANNO and
KRISTIE McDONALD,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion to Dismiss Counts V, VI, VII and VIII of the Plaintiff's Amended Complaint and Incorporated Memorandum of Law (DE# 19, 5/15/18).

## ANALYSIS

In considering a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court's analysis is generally limited to the four corners of the complaint and the attached exhibits. See Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must accept the non-moving party's well-pled facts as true and construe the complaint in the light most favorable to that party. Caravello v. Am. Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc); St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 953 (11th Cir. 1986)).

To survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The issue to be decided is not whether the plaintiff will ultimately prevail, but "whether the [plaintiff] is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984)).

1. **Sufficiency of the Pleadings**

The defendants move to dismiss Counts V, VI, VII and VIII of the Amended Complaint which allege claims of retaliation under the FLSA against each defendant. On a motion to dismiss, all well-pled facts must be taken as true. Iqbal, 556 U.S. at 679. The Court has reviewed the Amended Complaint and finds that the plaintiff has stated a claim upon which relief may be granted as to Counts V, VI, VII and VIII. Accordingly, the defendants are not entitled to relief on this ground.

2. **Florida's Litigation Privilege**

The defendants also argue that the plaintiff's retaliation claims are barred as a matter of law by Florida's litigation privilege. Florida's litigation privilege provides that "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding." Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994). The Florida Supreme Court has held that the litigation privilege

applies to common law causes action as well as statutory causes of action. Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 384 (Fla. 2007) ("we hold that the litigation privilege applies in all causes of action, whether for common-law torts or statutory violations.").

"Florida's litigation privilege applies to the **state-law claims** adjudicated in federal court." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1274-75 (11th Cir. 2004) (emphasis added citation omitted). The Court finds no merit in the defendants' argument that Florida's litigation privilege bars a claim of retaliation under the FLSA, a federal statute. See Ramos v. Hoyle, No. 08-21809, 2009 WL 2151305, at *1 (S.D. Fla. July 16, 2009) (J. Martinez) ("declin[ing] to find that th[e] state privilege extends to bar Plaintiff's federal cause of action for retaliation under the FLSA."); Pescatrice v. Orovitz, 539 F. Supp. 2d 1375, 1380 n.4 (S.D. Fla. 2008) (J. Cohn) (stating that "[t]o the extent Defendants argue that this proposed settlement offer is protected by a state 'absolute litigation privilege' for statements made during litigation, that privilege would only apply to state court claims, and not the [Fair Debt Collection Practices Act]."). The defendants are not entitled to the dismissal of the plaintiff's retaliation claims on this ground. Accordingly, it is

ORDERED AND ADJUDGED that the Defendants' Motion to Dismiss Counts V, VI, VII and VIII of the Plaintiff's Amended Complaint and Incorporated Memorandum of Law (DE# 19, 5/15/18) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida this **19th** day of July, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record

3