UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-21136-CIV-O'SULLIVAN

[CONSENT]

HEATHER NELSON,
    Plaintiff,
vs.

PURPLE LOTUS SOUTH BEACH,
LLC, SCIANNO INTERNATIONAL
CORP, JAMES SCIANNO and
KRISTIE McDONALD,
    Defendants.
_____/

## **ORDER**

THIS MATTER is before the Court on the Defendants' Motion for Partial Summary Judgment (DE #68, 12/3/18) and the Plaintiff's Motion for Partial Summary Judgment (DE# 65, 12/3/18). The undersigned held a hearing in this matter on January 31, 2019. Having heard from the parties, having reviewed the applicable filings and law, for the reasons stated on the record, and consistent with the rulings from the bench during the hearing, the undersigned enters the following Order.

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(a), which states as follows:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . [C]ourt of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323). In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-23. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-

> moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

Viewing the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party of each motion for partial summary judgment, the undersigned finds that genuine issues of material fact exist in both circumstances. Accordingly, it is

ORDERED AND ADJUDGED that both the Defendants' Motion for Partial Summary Judgment (DE #68, 12/3/18) and the Plaintiff's Motion for Partial Summary Judgment (DE# 65, 12/3/18) are **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this **31st** day of January, 2019.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE